**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2466-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DYSHUN J. LEGETTE, a/k/a
DAY LEGETTE, DASHSEAN
LEGETTE, DAYSHAWN J.
LEGETTE, DYSHAWN J.
LEGETTE, and EDYSHUN
LEGETTE,

     Defendant-Appellant.

_____

Submitted June 4, 2019 – Decided June 14, 2019

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 10-06-0628 and 10-06-0636.

Joseph E. Krakora, Public Defender, attorney for appellant (David Anthony Gies, Designated Counsel, on the brief).

Jennifer Davenport, Acting Union County Prosecutor, attorney for respondent (Kelsey Alina Ball, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dyshun Legette appeals from the October 21, 2016 Law Division order denying his petition for post-conviction relief (PCR). We affirm.

We outlined the relevant facts, and the appellate issues defendant raised, in our prior opinion affirming defendant's convictions for second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(f); fourth-degree possession of a large capacity ammunition magazine N.J.S.A. 2C:39-3(j); fourth-degree possession of hollow nose bullets, N.J.S.A. 2C:39-3(f); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7. See State v. Legette, No. A-4050-11T1 (App. Div. July 21, 2014) (slip op. at 1-2). The certain persons charge arose from a second indictment. Id. at 1. The case followed the execution of a search warrant that produced a "9mm luger handgun with a large capacity magazine loaded with hollow nose bullets," and controlled dangerous substances. Id. at 4-5. The trial court imposed a sentence of twenty years in prison on the unlawful possession of a weapon charge, "concurrent eighteen-month sentences on the remaining counts of the first indictment, and a concurrent five-year custodial term on the second indictment." Id. at 2.

On defendant's direct appeal, we rejected his argument that the court failed to properly instruct the jury on cross-racial identification, and found his remaining points without sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(2).  Id. at 4, 8.

Defendant filed a petition for PCR, which the trial court denied on October 21, 2016.  In denying defendant's petition, Judge Robert J. Mega filed a written opinion with his order.

Defendant then filed this appeal, raising the following arguments:

> POINT ONE
>
> THE FAILURE OF DEFENDANT'S TRIAL ATTORNEY TO CHALLENGE THE MANNER IN WHICH THE PROSECUTOR CHOSE TO PROCEED WITH THE PRESENTMENT OF THE CHARGES AMOUNTED TO THE INEFFECTIVENESS OF COUNSEL.
>
> POINT TWO
>
> THE PCR ATTORNEY'S FAILURE TO USE A COPY OF THE SEARCH WARRANT IN SUPPORT OF HIS ARGUMENT THAT THE TRIAL ATTORNEY'S INVESTIGATION OF THE FACTS OF THE CASE WAS CONSTITUTIONALLY INADEQUATE[,] WAS ERRONEOUS[,] AND WARRANTS A REMAND.

Based on our review of the record and the applicable law, we conclude these arguments lack sufficient merit to warrant extended discussion.  R. 2:11-

3

3(e)(2). We affirm substantially for the reasons stated by Judge Mega in his cogent written opinion. We add the following comments.

In order to establish a prima facie case of ineffective assistance of counsel, a defendant must satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show . . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). The defendant must then show that counsel's deficient performance prejudiced the defense. Ibid. To show prejudice, the defendant must establish by "a reasonable probability" that the deficient performance "materially contributed to defendant's conviction . . . ." Id. at 58.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing, and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Defendant reiterates the same arguments raised before the PCR court. He asserts that his trial counsel was ineffective for failing to file a motion to dismiss the second indictment, claiming the State acted improperly when it presented

4

each indictment before the same grand jury. In rejecting the argument, the PCR judge found that defendant cited "no controlling or supportive case law even acknowledging such a rule has been recognized by our courts." We observe the same fatal flaw in defendant's brief on appeal.

Defendant also raises two of the same arguments that he raised before the PCR court judge: first, his trial counsel was ineffective for failing to conduct an investigation of the scene of the executed search warrant; and second, his counsel was ineffective for failing to review with defendant any of the discovery materials in preparation for trial. Before the PCR judge and on appeal, defendant fails to present evidence of these allegations, articulate how the conduct amounted to "errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52, or set forth "a reasonable probability" that the deficient performance "materially contributed to defendant's conviction," id. at 58. The contentions that trial counsel was ineffective for these reasons amount to nothing more than bald assertions.

Lastly, defendant contends for the first time that his PCR counsel was ineffective for failing to use or obtain a copy of the search warrant that was executed when defendant's contraband was seized. Again, defendant fails to

articulate how this conduct constitutes an error, and allege that he was prejudiced as a result of the conduct. The argument clearly lacks merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2466-17T1